Case 2:04-cv-02709-RSWL-RC   Document 39   Filed 11/12/04   Page 1 of 3   Page ID #:34



**04 CV 08583**

*RELEASED FOR PUBLICATION*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 25 2004

FILED
CLERK'S OFFICE

*DOCKET NO. 1628*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PINEAPPLE ANTITRUST LITIGATION*    CV04-2709 RSWL

JONATHAN WEISS VS. DEL MONTE FRESH PRODUCE (WEST COAST) INC, ET AL (RCx)

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation currently consists of the six actions in the Southern District of New York, two actions in the Central District of California and one action in the District of Arizona as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendant Del Monte Fresh Produce Company and other related entities (collectively Del Monte) for coordinated or consolidated pretrial proceedings of these actions in the Southern District of New York.[2] Plaintiffs in the six Southern District of New York actions support the motion for transfer to that district. Plaintiffs in the other three actions oppose the motion. These plaintiffs variously proposed the Southern District of Florida or, in the alternative, the Northern District of California, as transferee district, in the event the Panel ordered transfer over their objections. Moving defendants then acknowledged that the Southern District of Florida would be an appropriate transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Del Monte, by fraudulently procuring and wrongfully

---

[1] The defendants have notified the Panel of a related action pending in the District of Nevada. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). The motion before the Panel as originally filed also pertained to three additional actions. These three actions – *Kathleen Conroy v. Fresh Del Monte Produce, Inc., et al.*, N.D. California, C.A. No. 4:04-1520; *Faye Vassilatos v. Del Monte Fresh Produce Co., et al.*, S.D. Florida, C.A. No. 9:04-80450; and *Sidney Williams v. Del Monte Fresh Produce Co., et al.*, M.D. Tennessee, C.A. No. 3:04-320 – have been remanded to their respective state courts, and, accordingly, the question of Section 1407 transfer with respect to the actions is moot.

[2] The motion was also filed on behalf of Del Monte Fresh Produce Inc.; Del Monte Fresh Produce N.A., Inc.; Del Monte Fresh Produce (Florida), Inc.; Del Monte Fresh Produce (West Coast), Inc.; and Fresh Del Monte Produce Inc.

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY _____ DEPUTY CLERK

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).



- 2 -

enforcing a patent on an extra-sweet variety of pineapple, has monopolized an asserted market for extra-sweet pineapples in violation of federal antitrust law or state antitrust statutes. Certain of the constituent actions also allege that defendants' conduct violated other statutory and common law proscriptions of various states. The named plaintiffs in each action purport to sue on behalf of classes of either direct or indirect purchasers of defendants' pineapples, in particular, Del Monte Gold pineapples. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this docket. We note that 1) six of the nine actions are pending in this district, have been consolidated and are proceeding apace before one judge; 2) the Southern District of New York actions include claims of both direct and indirect purchasers; and 3) the purported classes in those actions encompass the indirect purchaser classes sought in the three other actions. We also note that the plaintiffs opposed to transfer base their objections, *inter alia*, on their motions to remand to state court. We observe, however, that both courts in which the three actions are pending stayed proceedings in those actions pending a decision by the Panel, and, moreover, plaintiffs' motions to remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard M. Berman for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1628 -- In re Pineapple Antitrust Litigation

### District of Arizona

*Eileen Churosh v. Del Monte Fresh Produce, N.A., Inc.*, C.A. No. 2:04-1067

### Central District of California

*James Linden, et al. v. Fresh Del Monte Produce, Inc., et al.*, C.A. No. 2:04-2708
*Jonathan Weiss v. Del Monte Fresh Produce (West Coast), Inc., et al.*, C.A. No. 2:04-2709

### Southern District of New York

*American Banana Co., Inc. v. Del Monte Fresh Produce Co., et al.*, C.A. No. 1:03-10230
*J. Bonafede Co., Inc. v. Del Monte Fresh Produce Co., et al.*, C.A. No. 1:04-705
*Just-A-Mere Trading Co., LLC v. Del Monte Fresh Produce Co., et al.*, C.A. No. 1:04-1687
*Gary Freed, et al. v. Del Monte Fresh Produce Co., et al.*, C.A. No. 1:04-1950
*Meijer, Inc., et al. v. Del Monte Fresh Produce Co., et al.*, C.A. No. 1:04-2406
*Neil Schwam v. Del Monte Fresh Produce Co., et al.*, C.A. No. 1:04-2526